UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-438-GCM
(3:03-cr-231-GCM-DCK-1)

| | | |
|---|---|---|
| JUAN CARLOS BARRAGAN, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) ) ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

### I. BACKGROUND

A jury found Petitioner guilty in the underlying criminal case of: Count (1), conspiracy to possess with intent to distribute marijuana and cocaine; Count (2), possession with intent to distribute marijuana and aiding and abetting others; and Count (5), using and carrying a firearm during and in relation to a drug trafficking crime. (3:03-cr-231, Doc. No. 597). The Court sentenced him to a total of 352 months' imprisonment: 240 months for Count (1), 250 months for Count (2), concurrent, and 60 months as to Count (5), consecutive. (Id.). The Fourth Circuit Court of Appeals affirmed, United States v. Barragan, 222 Fed. Appx. 257 (4th Cir. 2007), and the United States Supreme Court denied certiorari, Barragan v. United States, 552 U.S. 939 (2007).

On September 16, 2008, Petitioner filed a § 2255 Motion to Vacate and supplement that the Court denied on the merits, case number 3:08-cv-425. Barragan v. United States, 2011 WL

1

159580 (W.D.N.C. Jan 18, 2011). The Fourth Circuit denied a certificate of appealability and dismissed the appeal. United States v. Barragan, 462 Fed. Appx. 338 (4th Cir. 2012).

On January 13, 2016, the Court granted Petitioner's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 782 of the United States Sentencing Guidelines, and reduced his total sentence to 295 months' imprisonment. (3:03-cr-231, Doc. No. 738).

Petitioner filed the instant § 2255 Motion to Vacate, his second, on July 24, 2017. He argues that his sentence should be reviewed in light of Johnson v. United States, 135 S.Ct. 2551 (2015), and Dean v. United States, 137 S.Ct. 1170 (2017).

II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain" either:

>   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider an application containing abusive or repetitive claims. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Petitioner filed a previous § 2255 Motion to Vacate that was denied on the merits. He has now filed the instant § 2255 Motion to Vacate without having first obtained the Fourth Circuit's permission to file a second or successive § 2255 petition.

Any suggestion that the Order granting § 3582 relief is a new judgment that can be challenged anew pursuant to § 2255 is rejected. A court may reduce a term of imprisonment where a sentencing range has been subsequently lowered by the Sentencing Commission, or pursuant to the factors set forth in § 3553(a). 18 U.S.C. § 3582(c)(2). Notwithstanding that a sentence can be modified pursuant to subsection (c), a judgment including such a sentence is final "for all other purposes." 18 U.S.C. § 3582(b); see United States v. Sanders, 247 F.3d 139 (4th Cir. 2001) (relying on § 3582(b) to conclude that a sentence modification pursuant to Rule 35 does not affect the date the judgment became final); see, e.g., Oddman v. United States, 2013

WL 4502168 at *1 n. 1 (W.D.N.C. Aug. 22, 2013) (modification of sentence under 18 U.S.C. § 3582 does not constitute a new "judgment"), *app. dism.*, United States v. Oddman, 555 Fed. Appx. 278 (4th Cir. 2014); Jackson v. United States, 2014 WL 1351105 (S.D. W.Va. Apr. 4, 2014) (same).

Petitioner has not obtained leave from the Fourth Circuit to file this § 2255 Motion to Vacate and no intervening new judgment exists. Therefore, the Court dismisses the § 2255 Motion to Vacate for lack of jurisdiction.[1]

**CONCLUSION**

For the foregoing reasons, the Court dismisses Petitioner's § 2255 Motion to Vacate for lack of jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** for lack of jurisdiction.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473,

---

[1] Even if the January 13, 2016, Order reducing the sentence pursuant to § 3582 was a new judgment for purposes of § 2255, the instant petition was still filed more than a year later on July 24, 2017, and is time-barred. See 28 U.S.C. § 2255(f). Any attempt to rely on the issuance of Johnson and Dean to re-start the statute of limitations would be unavailing. The instant § 2255 Motion to Vacate was filed more than a year after Johnson was issued on June 26, 2015, and although it was filed within a year of Dean's issuance on April 3, 2017, that case has not been held to be retroactively applicable on collateral review. See In re Dockery, 869 F.3d 356 (5th Cir. 2017) (denying successiveness authorization because petitioner failed to make a prima facie showing that Dean announced a new rule of constitutional law that was made retroactively applicable on collateral review).

4

484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 23, 2018

Graham C. Mullen
United States District Judge