IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:03-CR-00231-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN CARLOS BARRAGAN,<br><br>Defendant. | **ORDER** |

**THIS MATTER** comes before the Court upon Defendant Juan Carlos Barragan's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) [ECF Doc. 741], filed on July 21, 2020. The Government filed its Response [ECF Doc. 744] on September 21, 2020. The Court finds the following.

### I.    BACKGROUND

Defendant Juan Carlos Barragan was found guilty of (1) Conspiracy to Possess with Intent to Distribute Marijuana and Cocaine; (2) Possession with Intent to Distribute Marijuana and Aiding and Abetting Others; and (3) Use and Carry a Firearm During and in Relation to a Drug Trafficking Crime. Defendant Barragan's conviction was the result of an extensive, lengthy, professional operative investigation. The evidence supports that he was a key leader in the narcotics conspiracy at issue, owned the garage where most drug transactions occurred, brought additional people into his illegal operation, and acted as the "chief" or "head" of the organization. Several other individuals worked for Defendant Barragan's operation, which was of international scale. At least sixty-two kilograms of cocaine and just over seventy-one kilograms of marijuana were involved in the narcotics conspiracy. Moreover, Defendant Barragan was known to carry a

nine-millimeter handgun during drug transactions and was in possession of a firearm in close proximity to narcotics before he was arrested. At his July 11, 2006, sentencing, Defendant Barragan was sentenced to 352 months imprisonment and five years supervised release. On January 13, 2016, the Court reduced his sentence of imprisonment to 295 months. Defendant Barragan now requests a sentence reduction to time served pursuant to 18 U.S.C. § 3582(c)(1)(A).

II. DISCUSSION

In relevant part, upon motion by a defendant after exhausting administrative remedies,[1] 18 U.S.C. § 3582 allows courts to reduce a defendant's sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable," if the court finds "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1) (2018). The applicable policy statement is found in Section 1B1.13 of the United States Sentencing Commission Guidelines Manual, which sets forth extraordinary and compelling reasons that may justify compassionate release. Such reasons include that the defendant "is not a danger to the safety of any other person or to the community" and is suffering from "a serious physical or medical condition" which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I).[2]

Defendant Barragan argues he is entitled to sentence reduction because his prediabetes, hyperlipidemia, kidney stone disease, obstructive sleep apnea, and severe obesity create an increased risk for severe illness if he contracts COVID-19. ECF Doc. 741 at 3. Defendant

---

[1] There is no dispute regarding whether Defendant Barragan exhausted his administrative remedies.
[2] There are other extraordinary and compelling reasons listed in the relevant policy statement, but the reason listed above is the one relevant to this Motion.

Barragan also maintains that a tornado destroyed several buildings within his facility, which has caused additional stress. *Id.* Further, Defendant Barragan has filed numerous exhibits relating to his disciplinary record, activities, and educational courses taken during imprisonment, which he appears to intend as support for the argument that he is non-violent and ready for release. *See* ECF Doc. 747.

In Response, the Government acknowledges that Defendant Barragan's severe obesity places him at higher risk for becoming seriously ill from COVID-19 under the CDC guidelines. ECF Doc. 744 at 10–11. Nevertheless, the Government also listed and explained the numerous procedures the Bureau of Prisons is following to prevent the spread of COVID-19. *Id.* at 6–10. In addition to the vast preventative measures that are followed to avoid inmate exposure to COVID-19, the Government argues that the factors set forth in 18 U.S.C. § 3553 weigh against granting Defendant Barragan's Motion. *Id.* at 11.

In weighing the factors set forth in Section 3553 and Defendant Barragan's criminal history, disciplinary record during imprisonment, age, and medical conditions, the balance weighs against reducing Defendant Barragan's sentence. Although Defendant Barragan has some medical conditions, the Bureau of Prisons has implemented extraordinary measures to protect inmates from COVID-19. It appears these preventative measures are especially effective within Defendant Barragan's facility—FCI Estill. To date, Defendant Barragan's facility has had zero confirmed positive inmate cases and just twelve confirmed staff cases. *COVID-19*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Nov. 3, 2020). There is no indication that Defendant Barragan's ability to provide self-care within the environment of the correctional facility is substantially diminished so as to outweigh the other factors that disfavor reducing his sentence. The sentence Defendant Barragan is serving reflects the seriousness of his offenses,

promotes respect for the law, and provides just punishment for the offense. Moreover, the nature and scale of his past criminal activity evince the danger his criminal acts posed to the public, and the current sentence length should serve as an adequate deterrence to criminal conduct to protect the public from possible future danger. In sum, after considering all the relevant factors, the Court finds the Motion should be **DENIED**.

### III. ORDER

**IT IS HEREBY ORDERED** that Defendant Barragan's Motion for Compassionate Release [ECF Doc. 741] is **DENIED**.

**SO ORDERED**.

Signed: November 4, 2020

Graham C. Mullen
United States District Judge